McEnany v. NH                          CV-97-636-M    03/26/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Shawn McEnany,
     Plaintiff

     v.                                      Civil No. 97-636-M

State of New Hampshire,
     Defendant


**O R D E R**


On December 16, 1997, a Hillsborough County (New Hampshire) Grand Jury returned an indictment charging Shawn McEnany with violating New Hampshire Revised Statutes Annotated ("RSA") 632-A:10, which prohibits persons who have been convicted of sexual assault from, among other things, teaching children.  McEnany was also charged in an information with knowingly failing to register with the State Police as a sexual offender, in violation of RSA 651-B:4.  Two days later, McEnany filed a petition for declaratory judgment and preliminary and permanent injunction in this court seeking to enjoin the state prosecution.


McEnany seeks a declaration that the state criminal statutes under which he has been charged are unconstitutional, at least as they are being applied to him, under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  He also seeks an order enjoining New Hampshire from prosecuting him for his alleged violation of those statutes.  The State objects and has moved the court to abstain from this matter.

**Background**

Shawn McEnany is a member of the Brotherhood of the Sacred Heart. In 1988, when he was 26 years old and teaching at St. Dominic's Regional High School in Lewiston, Maine, McEnany pleaded guilty, in Maine, to two counts of unlawful sexual contact with a sixteen year-old girl. He was sentenced to two consecutive terms of imprisonment of 364 days, which the court then suspended. McEnany was also placed on probation for two years. During his probation, McEnany did not teach. Instead, he moved to Rhode Island, where he engaged in non-teaching ministries.

After completing his probation in 1990, McEnany was requested by the Brotherhood of the Sacred Heart to accept a teaching position at Bishop Guertin High School in Nashua, New Hampshire. At the time, Bishop Guertin was an all-boys high school. According to McEnany, the Brotherhood of the Sacred Heart and Bishop Guertin High School were fully aware of his prior convictions in Maine. McEnany says that in 1992, when Bishop Guertin became co-educational, his status was reviewed and it was determined that he posed no threat to students. Since that time he appears to have taught at Bishop Guertin without incident, and as a respected and valued teacher.

Although McEnany moved to New Hampshire in 1990, the State claims that he never registered as a sexual offender, as required

2

by RSA 651-B:4. In November of 1997, the Nashua Police Department and the Hillsborough County Attorney's Office learned that McEnany was a convicted sexual offender. On November 12, 1997, the Nashua District Court issued an arrest warrant for McEnany for allegedly violating RSA 632-A:10 and RSA 651-B:4. On November 13, 1997, McEnany voluntarily reported to the Nashua Police Department, where he was arrested, booked, and released on bail.

On December 16, 1997, a Hillsborough County Grand Jury returned the referenced indictment (RSA 632-A:10), and he was also charged by information with violating RSA 651-B:4. On December 18, 1997, McEnany filed his petition for declaratory judgment and preliminary and permanent injunction in this court. Subsequently, in early January of 1998, McEnany filed a motion to dismiss the state charges against him in the Hillsborough County Superior Court. That state court motion to dismiss raises the same federal constitutional arguments presented in his petition to this court.

## Discussion

The Supreme Court has held that inferior federal courts should not, except in extraordinarily limited circumstances, interfere with ongoing state criminal prosecutions. Younger v. Harris, 401 U.S. 37 (1971). As the Court of Appeals for the First Circuit has observed:

3

> The basic principle of <u>Younger</u> abstention is that a federal court should not enjoin or interfere with state court proceedings so long as the parties may raise their federal defenses in the state proceedings. It is based upon considerations of equitable restraint, which require that a federal court not interfere with state judicial proceedings unless there is a threat of irreparable injury with no adequate remedy at law, and considerations of comity and federalism, which counsel respect for both state enforcement of state laws and the ability of state courts to give proper attention to federal law defenses.

<u>Marcal Paper Mills, Inc. v. Ewing</u>, 790 F.2d 195, 196 (1st Cir. 1986) (citations omitted). <u>See also</u> <u>Middlesex County Ethics Committee v. Garden State Bar Ass'n.</u>, 457 U.S. 423, 431 (1982) ("<u>Younger v. Harris</u> and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.").

Importantly, the <u>Younger</u> Court held that, "the possible unconstitutionality of a statute 'on its face' does not in itself justify an injunction against good-faith attempts to enforce it." <u>Younger</u>, 401 U.S. at 54. Plainly, something more than the alleged unconstitutionality of a challenged statute is required (e.g., "extraordinary circumstances" or a threat of "both great and immediate" irreparable injury) before a federal court may properly intervene in ongoing state criminal proceedings.

In support of his claim that this case presents an extraordinary circumstance in which abstention would be

4

inappropriate, McEnany asserts, without citation to any authority, the following:

> [U]nlike <u>Younger</u>, this case involves an attempt by the State of New Hampshire to further limit Brother Shawn's constitutional rights based on conduct that occurred in the State of Maine and was punished in the State of Maine. This type of encroachment by one State on the criminal laws of another is an "unusual circumstance" warranting the intervention of this Court. As a result, this case falls within one of the well-established exceptions to <u>Younger</u> and warrants denial of the State's motion.

Plaintiff's objection at 3. To the extent that New Hampshire's so-called "encroachment" upon the criminal laws of Maine is unlawful or unconstitutional, McEnany is of course free to raise that claim in the New Hampshire's courts in the ongoing proceedings. Importantly, he has not suggested that it would be futile to raise such a defense in state court, nor has he otherwise persuaded this court that the described "encroachment" warrants federal intervention.[1]

In the end, there can be little doubt that McEnany's federal petition, by which he asks to enjoin the State from prosecuting him for alleged violations of state law, falls squarely within

---

[1] Parenthetically, the court notes that what McEnany has labeled "encroachment" by New Hampshire upon the criminal laws of other states (by which New Hampshire imposes certain restrictions on those previously convicted of sexual assaults both here and in other states) is not a particularly unique circumstance. It is, for example, not unlike the situation in which one state prohibits an individual from possessing a firearm (a constitutionally protected right) if he or she has previously been convicted of a felony in another state.

5

the bounds described in Younger: McEnany is the subject of a pending criminal prosecution in state court, in which he has raised all of his federal constitutional defenses, and there is no suggestion that his prosecution has been brought in bad faith or is merely one of a series of repeated prosecutions to which he will be subjected. See Younger, 401 U.S. at 49. "Therefore, under settled doctrine . . . he is not entitled to equitable relief even if [the statutes under which he is being prosecuted] are unconstitutional." Id. (internal quotation marks and citations omitted).


## Conclusion

As the Younger Court observed, the vital role of the federal judiciary in resolving concrete disputes between parties and, where appropriate, to declare laws unconstitutional "does not amount to an unlimited power to survey the statute books and pass judgment on laws before the courts are called upon to enforce them." Younger, 401 U.S. at 52. New Hampshire's courts are fully capable of addressing McEnany's federal constitutional defenses.

The State of New Hampshire's motion to abstain under Younger v. Harris, supra, and to dismiss plaintiff's petition (document no. 3) is granted. There being no sound reason for the court to retain jurisdiction over this matter, it declines to accept McEnany's suggestion that it merely stay these proceedings

6

pending resolution of the state court prosecution.  <u>See</u>

<u>generally</u>, <u>Quackenbush v. Allstate Ins. Co.</u>, 116 S.Ct. 1712,

1720-24 (1996).  Accordingly, the case is dismissed without

prejudice.


　　　　**SO ORDERED**.


　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Steven J. McAuliffe
　　　　　　　　　　　　　　　United States District Judge

March 26, 1998

cc:  W. Michael Dunn, Esq.
　　　John C. Kissinger, Esq.